J. H. GENADOR et ux., Appellants,

v.

W. F. HAGERLA et ux., Appellees.

No. 16429.

Court of Civil Appeals of Texas.

Fort Worth.

June 7, 1963.

Rehearing Denied July 5, 1963.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellants on appeal only.

Jake C. Cook, Fort Worth, for appellees.

RENFRO, Justice.

The appellees, W. F. Hagerla and wife, sued appellants, J. H. Genador and wife, in trespass to try title. The dispute actually concerned the location of a boundary line between the lots owned by the respective parties. It was the contention of appellees that appellants had erected a fence which encroached 9.8 feet on appellees' property.

In a trial before the court without a jury the court found in favor of appellees, fixed the boundaries of appellees' lot by metes and bounds and ordered the removal of the fence.

Appellants present the following points of error: (a) The court erred in holding that the fence encroached on appellees' property because the holding is contrary to the undisputed evidence and contrary to the great weight and preponderance of the evidence; (b) the judgment fails to establish the common boundary in accordance with any permanent monument; (c) the court erred in ordering removal of the fence; and (d) erred in overruling appellants' motion for new trial for the presentation of additional evidence.

■ We have given careful study to appellants' able and persuasive argument. We have, however, concluded that the evidence was such that the court was con-

fronted with a choice between conflicting surveys. Qualified surveyors testified for each side, and their surveys, plats, etc., were introduced in evidence. The court chose to accept the results of the surveys made by two surveyors for appellees.

An examination of the statement of facts reveals ample evidence to uphold the court's judgment.

■ Having found that the fence encroached upon appellees' property, the court had authority to order its removal. Turnham v. Sawyer, Tex.Civ.App., 220 S.W.2d 931.

■ We find no abuse of discretion on the part of the trial court in overruling the motion for new trial so that appellants could present additional evidence. No reason is shown why such evidence was not presented on the trial of the case.

All points of error have been considered and are overruled.

Affirmed.